UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DARRYLE L. NOEL,                          )
                                          )
       Petitioner,                       )
                                          )
v.                                        )     No. 4:13CV185  DDN
                                          )
IAN WALLACE,                              )
                                          )
       Respondent.                       )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Darryle L. Noel's application for leave to commence this action without payment of the required filing fee [Doc. #2]. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner, an inmate at the Western Missouri Correctional Center, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d)(1).

## The Petition

Petitioner states that, following a jury trial, he was convicted in the City of St. Louis, Missouri of first degree robbery and armed criminal action. He was sentenced on August 27, 2009. The Missouri Court of Appeals affirmed the conviction on September 14, 2010. Other than the direct appeal, petitioner did not file any petitions, applications, or motions concerning his conviction. In the instant action, petitioner challenges the sufficiency of the evidence and certain jury instructions. In addition, he claims that his due process rights were violated and that his trial counsel was "a paralegal, rather than an attorney" and was "remiss in search[ing] for helpful circumstances."

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that this action is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner's

---

[1]Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

conviction and sentence were affirmed on direct appeal in 2010; however, the instant application for federal habeas corpus relief was not filed with this Court until January 28, 2013, well after the running of the one-year limitations period.

Because this action was filed well beyond the one-year statute of limitations, the Court will order petitioner to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely. Petitioner is warned that if he does not respond to this Order by the deadline set forth below, this action will be dismissed without further notice to him.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred.  Petitioner's failure to file a show cause response shall result in the denial of the instant habeas

corpus petition and the dismissal of this action as time-barred.

Dated this 29th day of May, 2013.

_____
**UNITED STATES DISTRICT JUDGE**